**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Petitioner-Appellant, <br><br> v. <br><br> VF JEANSWEAR LP, <br><br> Respondent-Appellee. | No. 17-16786 <br><br> D.C. No. 2:16-mc-00047-NVW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted April 11, 2019
Pasadena, California

Before: GRABER and BYBEE, Circuit Judges, and HARPOOL,** District Judge.

The Equal Employment Opportunity Commission ("EEOC") appeals the

district court's decision declining to enforce a subpoena issued by the EEOC

against VF Jeanswear. Following a charge of discrimination filed by L.B., a former

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

employee of VF Jeanswear, the EEOC subpoenaed a wide range of employment information from VF Jeanswear relating to its supervisors, managers, and executive employees. We review the district court's decision not to enforce the subpoena for abuse of discretion. *McLane Co., Inc. v. EEOC*, 137 S. Ct. 1159, 1170 (2017).

**1.** The district court abused its discretion when it held that the subpoenaed information was not relevant to L.B.'s charge. For an EEOC subpoena to be enforceable, it must seek information that is relevant to the charge under investigation. *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984). The relevance standard allows "access to virtually any material that might cast light on the allegations against the employer." *Id.*

L.B. alleged that because of her sex, she was harassed, demoted, underpaid, and not offered opportunities for promotion. L.B. also alleged that female employees generally were discriminated against because of their sex. Specifically, she stated "Females are not afforded the opportunity in top level positions. Top level positions are male dominated."

In conducting its relevance analysis, the district court proceeded from the premise that only L.B.'s personally-suffered harms could be considered. However, there is no legal basis for limiting the scope of the relevance inquiry only to the parts of the charge relating to the personally-suffered harm of the charging party.

Indeed, we have held otherwise. EEOC subpoenas are enforceable so long as they seek information relevant to any of the allegations in a charge, not just those directly affecting the charging party. *EEOC v. Fed. Express Corp.*, 558 F.3d 842, 855 (9th Cir. 2009).

**2.** The district court also abused its discretion when it held that the subpoena was unduly burdensome. It is the producing party's burden to prove that compliance would be unduly burdensome. *EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc).

The district court held that compliance with the subpoena would impose an undue burden to the extent it would require VF Jeanswear to produce information not contained in the computer systems. The district court did not make an explicit finding as to the precise cost of compliance. For its part, VF Jeanswear represented that compliance would cost an estimated $10,698.00. The EEOC offered into evidence the declaration of Ronald Edwards, who presented evidence that VF Jeanswear's claim of undue burden was unfounded and substantially overstated. VF Jeanswear did not proffer any evidence refuting Edwards' declaration. Even if Edwards' declaration had been rebutted, VF Jeanswear's estimated cost of complying with the subpoena as part of an investigation into systemic and unlawful discrimination does not unduly burden a company with approximately 2,500 employees.

17-16786

The EEOC has represented that it no longer seeks information concerning "age" and "reason for termination" from VF Jeanswear. The EEOC also has represented that it no longer seeks information predating 2012 for subparagraphs (f) and (g) of the subpoena. We hold the EEOC to those representations.

**REVERSED and REMANDED** with instructions to enforce the subpoena as written except as to information pertaining to age and reason for termination and except as to information predating 2012 for subparagraphs (f) and (g).